UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RHONDA BRICE,

    Plaintiff,

v.                                      CASE NO:

ADT, LLC

    Defendant.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RHONDA BRICE, (hereinafter "Plaintiff" or "Ms. Brice"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ADT, LLC (hereinafter "Defendant," "ADT," or "Company") and alleges:

INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

2. As further set forth below, Plaintiff alleges that Defendant unlawfully interfered with the exercise of her FMLA rights and unlawfully

retaliated against her for exercising those rights in violation of the FMLA.

3. As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and

pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Duval County, Florida.

## PARTIES

8. Plaintiff is A 52-year-old African American female who has been diagnosed with anxiety, depression, PTSD, and ADD.

9. Defendant hired Plaintiff in January 1996.

10. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11. At all times material herein, Plaintiff was an employee entitled to protection as defined by the FMLA.

12. The Defendant, ADT, LLC, is a Foreign Limited Liability Company with a principal place of business located at 1501 Yamato Road, Boca Raton, FL 33431.

13. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Duval County, Florida, from their location at 9512 Sunbeam Center, Dr Jacksonville, FL 32257, where they

employed Plaintiff.

14.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the FMLA.

15.     Defendant is liable under the FMLA for unlawfully interfering with Plaintiff's rights and for retaliating against Plaintiff in violation of the FMLA as more fully alleged herein.

## GENERAL ALLEGATIONS

16.     Ms. Brice began her employment with ADT in January 1996. Over her 26-year tenure with the company, she worked her way up and held many different positions, ultimately obtaining the position of Corporate Customer Relations Manager. For most of her employment, she reported directly to Unit Manager Matt Tyrrell.

17.     Throughout her tenure, Ms. Brice received multiple awards, recommendations, and promotions due to her strong work ethic and exceptional performance.

18.     Ms. Brice relocated twice for the company.

19.     In 2018, Ms. Brice's primary doctor began approving FMLA time as her disability issues worsened, partly because she had to deal with highly

abusive customers at her job. Ms. Brice's doctor diagnosed her with major depressive disorder, anxiety, and high blood pressure. Ms. Brice's depression and anxiety led to frequent panic attacks, which took a major toll on her mental health.

20. In 2019, Ms. Brice's PCP diagnosed her with PTSD, ADD, and high cholesterol. Ms. Brice's last FMLA authorization allowed for up to three workdays out of a week to be covered for her condition if needed. Her doctor provided the necessary documentation, and ADT allowed her to take leave as needed.

21. In late 2021, Mr. Tyrrell transferred to a new unit, and Amelia Aguilar took over as Ms. Brice's supervisor.

22. After Ms. Aguilar became Ms. Brice's new supervisor, ADT started assigning Ms. Brice attendance points for her missed time due to FMLA leave. Ms. Brice had never had any issues with her FMLA leave before.

23. In October 2021, Ms. Brice had to take an extended FMLA leave, which lasted about thirty days.

24. In November 2021, upon returning to work, Ms. Brice noticed that her keyboard had stopped working. She promptly notified ADT's IT

department, who informed her that she could get a replacement from the nearest office. However, since she lacked transportation, they agreed to send her a replacement within two days.

25. Fearing attendance issues due to past disciplinary actions related to her intermittent FMLA leave, Ms. Brice became concerned about her attendance and ability to work. Thus, she reached out to ADT's IT department once more, and they suggested she buy a new keyboard and submit for reimbursement. Without delay, she purchased a new keyboard and resumed her work.

26. The next day, Ms. Brice received a call from Ms. Aguilar, who asked her about the unapproved time off from two days before. Ms. Brice tried to explain the situation to Ms. Aguilar, but the latter expressed skepticism about Ms. Aguilar's keyboard malfunctioning. Ms. Aguilar also stated Ms. Brice had not made enough of an effort to secure a new keyboard, so Ms. Aguilar proceeded to discipline Ms. Brice regarding additional perceived attendance issues.

27. On June 22, 2022, Ms. Brice got called to a meeting with Ms. Aguilar to discuss a client call. During the meeting, Ms. Aguilar accused Ms. Brice of sounding intoxicated during the client call and declared her

intention to recommend Ms. Brice for termination. Ms. Brice clarified that she was not intoxicated but had taken her prescribed medication, just like she had done every day since 1998, without any problems. Before ending the meeting, Ms. Aguilar told Ms. Brice that she should re-evaluate when she takes her medication.

28.  On June 23, 2023, Melissa Visyak, Unit Manager Customer Relations at ADT, informed Ms. Brice that she had been terminated, citing behavioral issues as the reason behind her termination. Ms. Brice objected, stating that her behavior had never been questioned during her twenty-six-year career with ADT, but Ms. Visyak insisted that they had discussed her behavior previously and that the decision to terminate her was final.

## COUNT I
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
## FMLA Retaliation

29.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.  The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible

employees taking, or attempting to take, leave under the FMLA.

31. Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises his FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting his rights under the FMLA. 29 U.S.C. § 2615(a)(2).

32. As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

33. As more particularly alleged hereinabove, Plaintiff qualified for leave under the FMLA.

34. Defendant terminated Plaintiff as retaliation for requesting and taking FMLA leave.

35. The Defendant knew or should have known that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's right to protected leaves of absence under the FMLA.

36. The Defendant violated the FMLA and retaliated against Plaintiff by, among other things, terminating Plaintiff's employment.

37. The Defendant' actions constitute violations of the FMLA.

38. As a direct and proximate result of Defendant' retaliatory and unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant' unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

39. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

40. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, the Plaintiff, RHONDA BRICE, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, ADT, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the FMLA in that Defendant retaliated against Plaintiff for requesting to take leave under the FMLA and exercising

her rights under the FMLA;

B.    Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant' unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

C.    Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

D.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

E.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

F.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 26th day of October 2023.

/s/ Jason W. Imler, Esq

                                        Jason W. Imler
                                        Florida Bar No. 1004422
                                        **Imler Law**
                                        23110 State Road 54, Unit 407
                                        Lutz, Florida 33549
                                        (P): 813-553-7709
                                        Jason@ImlerLaw.com